UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEKAR JEYABALAN DANIEL,

    Plaintiff,                                    Civil Action No. 17-CV-13213

vs.                                              HON. BERNARD A. FRIEDMAN

VIRGINIO GARCIA, et al.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE**

This matter is presently before the Court on defendants' motion in limine [docket entry 18]. Plaintiff has filed a response in opposition, and defendants have filed a reply. On March 6, 2019, a hearing was held, and oral argument was heard. For the reasons set forth below, the Court shall grant defendants' motion.

*Background*

This is a negligence action brought under Michigan's No-Fault Act by Sekar Jeyabalan Daniel ("Daniel"), as next friend of minor A.S., his daughter. A.S. was seriously and permanently injured[1] in a motor vehicle accident that occurred in the City of Allen Park, Michigan on May 22, 2017. That afternoon, Daniel was driving his car while five-year-old A.S. rode in a car seat in the back seat. Defendants are Virginio Garcia ("Garcia"), the truck driver who allegedly

---

[1] A.S. suffered injuries to her face and to her brain, which she is still recovering from after being hospitalized for over one month. Daniel Dep. at 29; Am. Notice of Removal ¶ 4. On September 21, 2018, Daniel testified that A.S. had weakness on her left side and constant tearing in her right eye. Daniel Dep. at 28-30, 35-37. Her handwriting level has suffered, and she has trouble with math and spelling. *Id.* at 26, 34, 54-55.

caused the accident by negligently changing lanes, and La Joya Trucking, LLC ("La Joya"), the owner of the truck.

On January 25, 2018, defendants filed a "Notice of Non-Parties at Fault" pursuant to Mich. Comp. Laws §§ 600.2957 and 600.6304.[2] In this filing, defendants gave notice of their

---

[2] Mich. Comp. Laws §§ 600.2957 and 600.6304 were enacted by the Michigan Legislature as part of its tort reform legislation of 1995, where it "replaced the common-law doctrine of joint and several liability among multiple tortfeasors with the doctrine of several liability." *Smiley v. Corrigan*, 638 N.W.2d 151, 152 (Mich. Ct. App. 2001) (footnotes omitted); *see also Taylor v. Mich. Petroleum Techs., Inc.*, 859 N.W.2d 715, 718-19 (Mich. Ct. App. 2014).

> Under the former system, any one of multiple tortfeasors could be responsible for all damages awarded to the plaintiff, notwithstanding that the individual tortfeasor was only partially at fault for the injuries or damages sustained by the plaintiff. Under the statutory several liability system, defendants now are only accountable for damages in proportion to their percentage of fault.

*Smiley*, 638 N.W.2d at 152 (footnote omitted).

Mich. Comp. Laws § 600.2957 provides in relevant part:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
>
> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.
>
> (3) Sections 2956 to 2960 do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to

intention to apportion some, or all, of the liability in this matter to two nonparties: (1) Daniel, in his individual capacity, and (2) Dorel Juvenile Group, Inc. ("Dorel"), the manufacturer and/or distributor of the car seat in which A.S. was sitting at the time of the accident. As to Daniel, defendants assert that he

---

liability in that action and shall not be introduced as evidence of liability in another action.

Mich. Comp. Laws § 600.6304 provides:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.

(3) The court shall determine the award of damages to each plaintiff in accordance with the findings under subsection (1), subject to any reduction under subsection (5) or section 2955a or 6303, and shall enter judgment against each party, including a third-party defendant, except that judgment shall not be entered against a person who has been released from liability as provided in section 2925d.

***

(8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

> had a duty to properly restrain [A.S.] at the time of the subject accident as required by law and for her own personal safety, and breached his duties by his unreasonable and negligent failure to properly restrain [A.S.] in the vehicle at the time of the alleged accident placing her at an unreasonable risk of harm . . . .

[docket entry 10 at 1-2]. In particular, defendants claim that Daniel is at fault for not using a properly approved and fully functioning child's car seat, ignoring a warning on the car seat indicating it should not be used after December 2011, not buckling A.S. into the car seat or buckling her improperly, allowing A.S. to sit in the car seat when she was not properly restrained in it, and not taking steps to monitor and ensure that A.S. did not unfasten the car seat's buckles. *Id.* at 2.

In the instant motion, defendants ask that they be allowed to (1) present evidence at trial regarding Daniel's alleged negligence due to his failure to properly secure A.S. in the car seat and (2) seek an apportionment of fault as to him in his individual capacity "without limitation" and not subject to Mich. Comp. Laws § 257.710e, which imposes a five percent cap on the reduction of damages for injured passengers who do not wear their seat belts. Having reviewed the parties' briefs and the applicable law, and having heard oral argument, the Court shall grant defendants' motion.

*Legal Standard*

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial and to focus the issues the jury will consider." *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008). "The decision to grant or deny a motion in limine is within a trial court's discretion." *Id.* (citing *United States v. Certain Land Situated in the City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982)). District courts rule on motions in limine "pursuant to the

4

district court's inherent authority to manage the course of trials." *Wright v. Best Recovery Servs. LLC*, No. 14-CV-12476, 2015 WL 6468135, at *1 (E.D. Mich. Oct. 27, 2015) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

*Discussion*

Defendants argue that because Daniel was not brought into the case as a third-party defendant and was timely identified in the notice of nonparty fault, they are "entitled to claim an allocation of a percentage of *fault* against [him] without limitation." Defs.' Mot. ¶¶ 6-8, 15 (emphasis in original). Defendants state that the apportionment of fault as to Daniel "is not 'comparative' negligence, as it does not involve a claim against the plaintiff." Defs.' Reply at 2, 10. Therefore, they oppose any argument by plaintiff that Mich. Comp. Laws § 257.710e's five percent cap on the reduction of damages applies to the allocation of fault to Daniel. Defendants' focus is on this allocation of fault; they state that they "are not attempting to reduce the *damage* award for minor A.S. by filing the Notice of Non-Party Fault." Defs.' Br. at 20 (emphasis in original). In response, plaintiff argues that because defendants' claim of third-party fault "involves only the car[]seat," it "triggers the 5% cap under the statute." Pl.'s Br. at 11. Plaintiff believes that in distinguishing "damages" from "fault," defendants are trying to create a distinction that does not exist under the statute. *Id.* at 8, 11.

The factfinder has an obligation under Mich. Comp. Laws §§ 600.2957 and 600.6304 to allocate fault. "Following the enactment of tort-reform legislation, the finder of fact must allocate fault among all responsible persons, 'regardless of whether the person is, or could have been, named as a party to the action.'" *Estate of Goodwin by Goodwin v. Nw. Mich. Fair Ass'n*, Nos. 333963 & 335292, 2018 WL 3244148, at *6 (Mich. Ct. App. July 3, 2018) (quoting Mich. Comp. Laws § 600.2957(1); citing Mich. Comp. Laws § 600.6304(1)(b)). Under this

5

system, defendants "are only accountable for damages in proportion to their percentage of fault." *Smiley v. Corrigan*, 638 N.W.2d 151, 152 (Mich. Ct. App. 2001). "Accordingly, if the factfinder concludes that a defendant is ten percent at fault for a plaintiff's injuries and awards the plaintiff $100,000 in damages, the defendant will be responsible only for $10,000, not the entire damage award, as would have been the case under the former joint and several liability system." *Am. Home Mortg. Acceptance, Inc. v. Appraisal Place, Inc.*, 476 F. Supp. 2d 645, 648 (E.D. Mich. 2007) (quoting *Smiley*, 638 N.W.2d at 153).

"[U]nder MCL 600.2957 and MCL 600.6304, the allocation of fault is not dependent on whether a plaintiff can recover damages from the nonparty." *Estate of Goodwin by Goodwin*, 2018 WL 3244148, at *6. In allocating fault to nonparties, "the allocation does not give rise to liability." *Taylor v. Mich. Petroleum Techs., Inc.*, 859 N.W.2d 715, 719 (Mich. Ct. App. 2014) (citing Mich. Comp. Laws § 600.2957(3)). "Rather, the sole purpose of assessing the fault of nonparties is to 'accurately determine the fault of named parties,' MCL 600.2957(3), to ensure that each named defendant-tortfeasor does not 'pay damages in an amount greater than his allocated percentage of fault,' *Gerling*, 472 Mich. at 51, 693 N.W.2d 149." *Estate of Goodwin by Goodwin*, 2018 WL 3244148, at *6.

Under another provision of Michigan law, the damages sustained by a plaintiff injured in a motor vehicle accident may be reduced up to five percent for the plaintiff's failure to wear a seat belt. Mich. Comp. Laws § 257.710e(3)(b) provides that a child who is between 4 and 8 years old "and who is less than 4 feet 9 inches in height shall be properly secured in a child restraint system in accordance with the child restraint manufacturer's and vehicle manufacturer's instructions and the standards prescribed in 49 CFR 571.213." Subsection 8 of this statute, the subsection at issue in the present case, provides:

> (8) Failure to wear a safety belt in violation of this section may be considered evidence of negligence and may reduce the recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle. However, that negligence shall not reduce the recovery for damages by more than 5%.

Mich. Comp. Laws § 257.710e. "Section 710e both allows consideration of nonuse of a seat belt as evidence of negligence and limits the reduction for such comparative negligence[3] to five percent." *Klinke v. Mitsubishi Motors Corp.*, 581 N.W.2d 272, 275 (Mich. 1998).

The Michigan Court of Appeals addressed the application of Mich. Comp. Laws § 257.710e in *Carissimi v. Jonas*, 557 N.W.2d 148 (Mich. Ct. App. 1996), a case that is factually similar to the instant case. In *Carissimi*, a minor died from the injuries she sustained in a motor vehicle accident that took place when she was a passenger in a car that her father was driving. The minor was allegedly not wearing her seat belt when the car was struck by another car. A personal representative acting on the minor's behalf brought a wrongful death action against the driver of the other car. The driver filed a third-party claim against the minor's father seeking contribution due to the father's alleged failure to ensure that the minor was wearing a seat belt as required by Mich. Comp. Laws § 257.710e. Plaintiff then amended the complaint, naming the minor's father as a defendant. The Macomb Circuit Court concluded that the five percent cap on the reduction of damages in Mich. Comp. Laws § 257.710e applied to the claim against the father given that this statutory cap "applies to a contribution claim against a defendant where the claim is based on the failure to secure a seat belt on a child in violation of the statute and the defendant stands to gain from the potential award of damages." *Id.* at 149-50. But the Michigan Court of Appeals reversed

---

[3] "In *Placek v. Sterling Heights*, 405 Mich. 638, 275 N.W.2d 511 (1979), [Michigan's] Supreme Court adopted a pure form of comparative negligence, under which a plaintiff's recovery of damages is reduced to the extent that plaintiff's negligence contributed to the injury." *Kalamazoo Oil Co. v. Boerman*, 618 N.W.2d 66, 80 (Mich. Ct. App. 2000) (internal citations omitted) (alteration added).

7

and held that the five percent cap did not limit the amount the driver could recover from the minor's father on a contribution claim. *Id.* at 150-51.

In reaching this conclusion, the Michigan Court of Appeals analyzed Mich. Comp. Laws § 257.710e:

> In *Ullery v. Sobie*, 196 Mich.App. 76, 80, 492 N.W.2d 739 (1992), this Court, while upholding the constitutionality of the five percent cap, determined that its purpose was "to prevent the injured party from recovering substantially less based solely on the failure to wear a safety belt." Similarly, this Court in *Thompson v. Fitzpatrick*, 199 Mich.App. 5, 8, 501 N.W.2d 172 (1993), held that the five percent cap was "intended by the Legislature to protect plaintiffs against drastic reduction in damage awards."
>
> Combining the statutory purpose behind the cap with the plain language of the statute, which provides that it applies only to "the recovery for damages," we conclude that the five percent cap in the statute applies only to limit the reduction of the recovery available to plaintiffs who fail to wear their seat belts. Any other interpretation would be contrary to the plain wording of the statute and, thus, is not permitted. *Lorencz v. Ford Motor Co.*, 439 Mich. 370, 376, 483 N.W.2d 844 (1992).

*Id.* at 151. *Carissimi* therefore establishes that the five percent cap in Mich. Comp. Laws § 257.710e does not apply in the dispute over liability as between tortfeasors.

In this case, a jury will allocate fault among Garcia, La Joya, Daniel, and Dorel. In accordance with *Carissimi*, and with Michigan's rules concerning the allocation of fault among all tortfeasors, whether parties or not, fault is to be allocated without being limited by Mich. Comp. Laws § 257.710e's five percent cap.

Plaintiff also argues that no cap under Mich. Comp. Laws § 257.710e applies and that no instruction as to this statute should be given to the jury because "there is no evidence supporting a theory that Plaintiff A.S. disconnected her child safety seat, that she unlatched her

8

seat,[4] or that [Daniel] had improperly used the seat when securing her." Pl.'s Br. at 11-12. However, the record contains questions of fact as to whether A.S. was secured in the car seat.

Daniel testified that he properly buckled A.S. in the car seat on the day of the accident. Daniel Dep. at 62-65, 81-84, 123-24, 129. He stated that he never partially buckled her and never had her sit on top of the car seat's lower straps. *Id.* at 123-24. However, he admitted that A.S. knew how to unbuckle the car seat herself, *id.* at 85-86, and that right before the accident he did not look over his shoulder to check on her because he was focused on driving. *Id.* at 89, 125-26. He testified that right after the accident, he unbuckled his seat belt and moved A.S. from the car seat to the floor of the car. *Id.* at 102-11, 113-15, 122-23, 136-37.

Daniel's testimony is called into question by the testimony of eyewitness James Benton Prout, Jr. Prout Dep. at 8, 24-26, 38-43. Prout stated that when he walked up to Daniel's car, Daniel was still in the driver's seat with his seat belt fastened and A.S. was "crumpled up on the floor of the car." *Id.* at 29-30, 36-38. Before the accident, Prout saw Daniel's car drive by and noticed that A.S. was in the car seat, but he could not recall whether she was secured in it. *Id.* at 12, 20-23. Daniel's testimony is also called into question by the testimony of Sergeant Edward Carrier, a member of the Downriver Crash Team who investigated the accident and opined that A.S. was "unrestrained." Carrier Dep. at 60-61. Carrier reached this conclusion based on the blood stains in the car, the location of A.S.'s injuries, and the appearance of the car seat's straps. *Id.* at 42, 54-65. In addition, Detective Lieutenant David Williams from the Allan Park Police Department testified that he believed that A.S. had been sitting on the straps of the car seat's "H-

---

[4] In her response brief, plaintiff discusses issues related to whether she unbuckled herself from the car seat. But defendants assert in their reply that they are not claiming that she was comparatively negligent; rather, their focus is on apportioning fault to Daniel, as noted above. Defs.' Reply at 10.

harness" based on their appearance at the impound lot and based on the blood in the car. Williams Dep. at 88-90. At the same time, Williams stated that he "never made a determination whether or not [A.S.] was wearing a seat belt." *Id.* at 77.

Further, a report by Geoffrey Aughe, the paramedic who transported A.S. to the hospital, includes the following notes: "Per dad, she had been in her car seat. When accident happened, she came out of her car seat and hit head on back seat in front of her. She was found on the floor with no attachment to her car seat. . . ." Aughe Dep. at 25, 49, 90. Aughe testified that when he writes "per dad" in a report, "that's not me speaking, that's me typing what someone else told me." *Id.* at 51, 91-93. Aughe did not make a written note of A.S. having visible signs of trauma to the top or back of her head and did not recall if she had visible signs of trauma to her face. *Id.* at 88-89.

This evidence raises important factual questions for a jury. The Supreme Court of Michigan "has historically encouraged factual resolution of the question of fault and its consequences for recovery by juries." *Klinke*, 581 N.W.2d at 279. Therefore, defendants may present evidence at trial on Daniel's alleged negligence regarding his failure to secure A.S. in the car seat so that the jury can allocate fault among him, Garcia, La Joya, and Dorel. Because Mich. Comp. Laws § 257.710e imposes no limit on the allocation of fault, and because there are factual questions regarding Daniel's alleged negligence, the Court shall grant defendants' motion.

*Conclusion*

For the reasons stated above,

IT IS ORDERED that defendants' motion in limine is granted.

s/Bernard A. Friedman
Dated: March 25, 2019                     Bernard A. Friedman
       Detroit, Michigan                  Senior United States District Judge

10